IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| EDWARD RUNNELS | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:11CV106CWR-LRA |
| AMERISTEP CORPORATION;<br>AND JOHN DOES 1-5 | DEFENDANTS |

### COMPLAINT

### Trial by Jury Requested

Comes now the Plaintiff, Edward Runnels, and files this his Complaint against the Defendants, Ameristep Corporation and John Does 1-5, and in support thereof would respectfully show the Court the following facts to-wit:

### PARTIES

1.  Plaintiff, Edward Runnels, is an adult resident citizen of Smith County, Mississippi.

2.  Defendant, Ameristep Corporation (hereinafter "Ameristep"), is a foreign business corporation believed to be organized and existing under the laws of the State of Michigan and licensed to do business in the State of Michigan, and may be located at 901 Tacoma Court, Clio, Michigan 48420. Defendant may be served with process of this Court via Certified Mail to their registered agent Larry C. Wehner at 901 Tacoma Court, Clio, Michigan 48420 pursuant to FRCP 4(e)(1) and MRCP 4(c)(3)(A) and MRCP 4(d)(4).

3.  Defendants John Does 1-5 are unknown entities and/or individuals who may have been involved in the manufacturing, distribution, assembling, packaging, and/or labeling of the alleged defective Ameristep ladder stand and ladder extension, and who may be added as

1

Defendants at a later date.

## JURISDICTION

4      This civil action arises out of the negligent acts and omissions of Defendants committed whole or in part in Smith County, Mississippi against a resident of Smith County and of the State of Mississippi. This matter exceeds the amount in controversy of $75,000.00 This Court holds *in personam* jurisdiction over the Defendants pursuant to Mississippi Code §13-3-57-service on nonresidents, 28 U.S.C. § 1332 and Fed. R. Civ. P. 4.

5.      Venue is proper in the Southern District of Mississippi, Jackson Division pursuant to 28 U.S.C. § 1391, since Plaintiff resides in Smith County, Mississippi, and the incident which gives rises to this Complaint occurred in Smith County, Mississippi.

## FACTS

6.      On or about October 13, 2010 Plaintiff and his two sons had traveled to a wooded area in Mize, Smith County, Mississippi. Plaintiff and his sons were in the process of erecting an Ameristep ASLS-505 twelve foot two-man ladder stand to be used at a later date for hunting purposes. The ladder stand is composed of three four foot-long sections that join together to create a twelve foot tall ladder stand.  The sections are joined together by crimped ends that slide into the end of the next section. The ladder stand is used by leaning the stand against a tree and first securing a brace near the bottom of the ladder to the tree.  The consumer then climbs the ladder stand and uses two straps provided with the stand to secure the top of the ladder to the tree.

7.      On the date of the subject incident, prior to leaning the ladder stand against the tree, Plaintiff had also attached a four foot extension to the top of the twelve foot ladder stand.

2

The four foot extension was also manufactured by Ameristep specifically for the ASLS-505 stand and is designed to extend the height of the ladder stand from 12 feet to 16 feet. Plaintiff had purchased both the Ameristep twelve foot ladder stand and the Ameristep four foot extension at the same time, but this was the first time that Plaintiff had used the extension.

8. On the date of the subject incident Plaintiff, after attaching the four foot extension on the top section of the ladder stand per the provided instructions, leaned the ladder stand against a tree, with the base of the stand being approximately four and one-half to five feet from the base of the tree. Plaintiff then secured a brace from the ladder to the tree with a rope. Plaintiff's sons also had crossed ropes around the front of the ladder stand and applied tension backwards from the stand, thus holding the ladder in place by standing behind the tree and the ladder stand and holding the ropes, per the instructions that had been provided with the stand. Plaintiff then began to climb the ladder in order to secure the two top straps around the tree. Every action that was being undertaken by the Plaintiff and his sons was in accordance with the Ameristep ladder stand and ladder extension's instructions. Suddenly and without warning, while the Plaintiff was climbing the ladder to secure the top of it to the tree, the middle section of the ladder stand bent and caused the stand to buckle and fold inward towards the tree. The buckling occurred at a joint section in the middle of the ladder stand at the eight foot-high level. Also, the bottom top brace which attaches to the tree bent upwards on both sides. The sudden buckling and inward folding of the ladder caused the Plaintiff to suddenly plummet to the ground and become entangled with the ladder, thus sustaining severe injury.

9. At the time of the subject incident the ladder stand being used by the Plaintiff was defective. Specifically, the metal which the ladder stand is composed of was of insufficient

3

strength, quality, and gauge, and the inferior quality of the metal and of the crimped ends on each joint section of the ladder stand caused the stand to defectively bend and buckle inwards while being used by the Plaintiff. Further, the ladder stand lacked ladder sleeves, which fit over the sections of the ladder stand that join together. The ladder sleeves are designed to reinforce and strengthen the joints and prevent such a collapse from occurring if a joint section of a ladder stand begins to bend or buckle. The defective condition of the ladder stand and the four foot extension were hidden defects and would not have been open and obvious to users of the stand such as the Plaintiff.

10. Both the twelve foot ladder stand and the four foot extension being used by the Plaintiff on the date of the incident were manufactured by Ameristep and marketed and sold by Ameristep in Mississippi for consumers such as the Plaintiff. The defective Ameristep product solely caused the damages and injuries to Plaintiff.

## **DAMAGES**

11. As a result of the defective failure of the ladder stand and the ladder extension, which caused the Plaintiff to fall and violently strike the ground and become entangled in the ladder stand, the Plaintiff, Edward Runnels, suffer numerous severe injuries to his body. Plaintiff received an injury to the cervical area of his spinal cord that has rendered him a quadriplegic. Plaintiff has required extensive medical care and lengthy hospital stays as a result of his injuries. Plaintiff anticipates that he will continue to receive extensive medical treatment for the rest of his life due to the severity of his injuries. Plaintiff now has a permanent disability and impairment rating to his body. The Plaintiff has suffered damages including, but not limited to, past pain, suffering and mental anguish, accrued medical expenses, lost earnings, and other damages to be

proven at trial. Plaintiff reasonably anticipates future damages, proximately caused by said negligence of the Defendants, including future medical expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical impairment, permanent disfigurement, and other damages to be proven at trial.

## CLAIMS AGAINST DEFENDANT AMERISTEP

12. Plaintiff alleges that a proximate cause or proximate contributing cause of his injuries was due to the negligence of Defendant Ameristep. Plaintiff incorporates the above paragraphs herein. Plaintiff alleges that Defendant Ameristep is negligent for, among other things;

1. Breach of contract;

2. Breach of express warranty and breach of implied warranty;

3. Negligent sale of a defectively designed, manufactured product;

4. Negligence in selling a product that deviated in a material way from the manufacture's specifications and negligent sale of a product containing inadequate warnings and instructions;

5. Negligent failure to manufacture a product that was comprised of materials of insufficient quality and strength to prevent buckling such as that which occurred on the subject product;

6. Negligent failure to place adequate warnings on the product regarding the potential of the product to buckle and otherwise fail to provide sufficient support for someone using the product;

7. Negligent failure in manufacturing, distributing, and/or selling a product that lacked ladder sleeves that would prevent a buckling failure such as the one which occurred on the product being used by the Plaintiff;

8. Negligent manufacturing, marketing, and sale of a ladder stand and ladder extension designed and manufactured in a defective manner;

9. Negligent breach of express warranty;

5

10. Negligent failure to warn of a defective condition that rendered the subject products unreasonably dangerous to the user;

11. Negligence for designing and manufacturing a defective ladder stand and extension;

12. Negligence in failing to test its product, such as the subject ladder stand and extension, to ensure that they were of sufficient strength and quality and were able to provide support for their rated weight limit of 500 pounds;

13. Violation of Defendant's duty of care to Plaintiff, which includes Defendant's duty to inspect, test and warn of known or reasonable foreseeable defects;

14. Violation of Mississippi products liability statute section 11-1-63;

15. Violation of Defendant's duty of care to Plaintiff which includes Defendant's duty to inspect, test and warn of known or reasonably foreseeable injuries through warning labels;

16. Negligent and inadequate placement of warning labels;

17. Negligence for not updating or upgrading the warning labels to meet or comply with the new warning labels and instructions used on newer models;

18. Negligence for failing to discontinue using a known, defectively-designed product when superior alternative designs existed at the time of the subject incident and whose existence was known to the Defendant;

19. Strict liability in tort;

20. Negligent assembly and application of supplemental warning labels;

21. Negligent inclusion of insufficient warnings or instructions regarding ladder stand failure and buckling;

22. Negligent failure to warn of latent dangerous characteristics relating to the buckling and failure of the ladder stand and extension;

23. Negligent failure to provide adequate instructions for safe use and to provide a warning as to the dangers inherent in the improper use of the ladder stand and extension;

24. Negligent failure to provide adequate warnings on both the tree stand and extension stand for failure of metal and potential buckling due to adding of ladder extensions.

25. Negligent failure to provide adequate instructions regarding the use of the tree stand

with extension and how the extension alters the design specifications and use of the stand.

26. Negligent failure and/or providing no warnings or instructions regarding the extension ladder and its effects to the master ladder design.

27. Negligent failure to comply with the implied warranty of merchantability.

28. Negligent failure in design, manufacture and distribution for using a defective design of crimping metal to weaken the strength of the joints.

29. Negligent failure for not equipping the product with side arms, gates or sleeves to strengthen the connection joints to prevent crimping.

30. Negligent use of inferior metal

31. Negligent failure to follow the guidelines for design, construction, manufacture that were set out by the distributors, purchasers and sellers of the product.

## CLAIMS AGAINST DEFENDANTS JOHN DOES 1-5

13. Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

14. John Does 1-5 are entities, companies or persons whose names and identities are unknown at this time to the Plaintiff, but who may have been working in conjunction, or in a joint venture or as a partner with the Defendants and may be responsible for the damages caused to the Plaintiff. Said Defendants may have acted as manufacturers, designers, partners, distributors, and/or sellers of the defective products which form the basis of this Complaint. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to the Plaintiff for his injuries. The John Doe Defendants may have been involved in the negligent manufacture, design, distribution, assembling, packaging, and/or labeling of the defective products which caused Plaintiff's injuries and damages. Plaintiff will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

## PUNITIVE DAMAGES

15. The above acts of the Defendants were conducted in a manner so as to equate to willful, wanton and grossly negligent conduct on the part of the Defendants. Plaintiff requests punitive damages in an amount to be awarded by the jury.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff, Edward Runnels, demands a trial by jury and judgment from Defendants Ameristep Corporation and John Does 1-5 jointly and severally for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages in an amount to be determined by a jury, including all expenses and costs of this civil action, and such other general relief as this Honorable Court and its jury deem just.

This the 23rd day of February, 2011.

Respectfully submitted,

EDWARD RUNNELS

BY: _____
J. Ashley Ogden

OF COUNSEL:

J. ASHLEY OGDEN, MSB #9842
WENDY M. YUAN, MSB #102867
JAMES W. SMITH, JR., MSB #7534
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR PLAINTIFF